# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | |
|---|---|
| CARLA SUE FASHIMPAR, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00080-O-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Complaint (ECF No. 1), filed June 2, 2017. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Plaintiff's Complaint (ECF No. 1) without prejudice.

## BACKGROUND

The Complaint by Plaintiff Carla Sue Fashimpar ("Fashimpar") alleges, in its entirety: "The law was overlooked and the judge made a mistake." ECF No. 1. The Commissioner of Social Security ("the Commissioner") answered and filed the administrative record for the case on August 9, 2017. ECF Nos. 9 and 11. The Court entered an Order directing the filing of briefs on August 11, 2017. ECF No. 12. The deadline for Fashimpar to file a brief under the schedule set out in that Order was September 21, 2017. *Id.* Fashimpar did not file a brief as ordered. The Court extended the filing deadline twice and directed Fashimpar her to file a brief in accordance with the Court's order and the Local Civil Rules. The first extension was until October 21, 2017, and the second was until November 11, 2017. ECF Nos. 13 and 14. Fashimpar still has not filed a brief as ordered.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) gives a district court the authority to dismiss a case *sua sponte* for want of prosecution or for failure to comply with a court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* at 880; *see also Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). A dismissal without prejudice that has the effect of barring a later complaint because of a statute of limitations will operate as a dismissal with prejudice. *Long*, 77 F.3d at 880; *Cole v. Barnhart*, 193 Fed. App'x. 279, 281 (5th Cir. 2006); *Benson v. Astrue*, CIVA3:08CV1506-D, 2008 WL 5378179, at *3 (N.D. Tex. Dec. 23, 2008).

## ANALYSIS

Fashimpar's lack of prosecution of her case warrants dismissal. A dismissal of this case without prejudice will operate as a dismissal with prejudice because any future request for judicial review of the Commissioner's decision in Fashimpar's case will be outside of the statute of limitations. There is a sixty-day period for commencing judicial review, and, as the Commissioner made her final decision in Fashimpar's case on April 3, 2017, the review period has passed. *See* ECF No. 11-3; 42 U.S.C. 405(g). However, even dismissal that has the effect of being with prejudice is appropriate in this case.

Aside from Fashimpar's one-sentence complaint, she has not submitted any other filings in this case or corresponded with the Court in any way. The Court has given two extensions to her briefing deadline, and in each Order granting the extension the Court warned Fashimpar that failing to respond to the Court's Order could result in dismissal of her case. ECF Nos. 13 and 14. Even taking into account that plaintiff is *pro se*, this clear record of delay and refusal to comply with court orders warrants dismissal for want of prosecution. *See Benson*, CIVA3:08CV1506-D, 2008 WL 5378179, at *3 (Fitzwater, J.) (adopting the findings, conclusions, and recommendation of the magistrate judge, who found "a clear record of delay and contumacious conduct" and recommended dismissal where plaintiff twice failed to respond to court orders and filed no pleadings after his complaint). On the facts of the present case, Judge O'Connor should dismiss Fashimpar's complaint without prejudice due to her failure to prosecute the case.

Fashimpar is cautioned that although the recommended dismissal is without prejudice, the effect of dismissing this action for failure to prosecute and to obey the Court's orders may subject any subsequent complaint she files regarding the claims in the instant action to a statute of limitations defense. *Dixon v. Colvin*, No. 3:15-CV-263-B-BN, 2015 WL 899019, at *1 (N.D. Tex. Mar. 3, 2015) (citing 42 U.S.C. § 405(g) (a claimant must commence a civil action seeking judicial review of a final decision of the Commissioner "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow"); *Bowen v. City of New York*, 476 U.S. 467, 478–80 (1986) (the 60-day requirement in § 405(g) is not jurisdictional, may be waived by the parties, and is subject to the doctrine of equitable tolling)). Because Fashimpar's claims will likely be time-barred, the undersigned recommends that Judge O'Connor dismiss the case without prejudice to her right to reopen the case provided that Fashimpar files a motion to reopen along with a brief in support of her Complaint that complies

with the Court's August 11, 2017 Order Directing Filing of Briefs (ECF No. 12) on or before 30 days from the date of Judge O'Connor's order.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** Plaintiff's Complaint (ECF No. 1) **without prejudice** to Plaintiff's right to reopen the case within 30 days of dismissal.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed November 28, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4